**Walter P. McMURTRY, Plaintiff,**

v.

**The CITY OF LARGO, Florida Municipal Corporation, Defendant.**

No. 93–959–Civ–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 10, 1993.

Walter P. McMurtry, pro se.

Marion Hale, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for defendant.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant City of Largo's motion to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6), Fed.R.Civ.P. The motion was filed July 8, 1993. Response thereto was filed July 23, 1993.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court ruling on a motion to dismiss is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## FACTS

Plaintiff, Walter P. McMurtry, brings this action against Defendant City of Largo, a Florida municipal corporation, pursuant to 50 U.S.C.App. § 501 *et seq.* (commonly known as the Soldiers' and Sailors' Civil Relief Act of 1940), 42 U.S.C. § 1983, and the Constitution of the State of Florida.

The case arose out of the unfortunate circumstances that developed while the Plaintiff was serving on active duty in the United States Air Force. On April 22, 1990, Plaintiff departed the United States under orders to report to a military base in Murted, Turkey as part of Operation Desert Storm.

After he had departed the country, the City of Largo declared a building owned by Plaintiff and located at 370 6th St. NW, Largo, Florida, to be a public nuisance. On June 15, 1990, Defendant sent a notice to Plaintiff ordering him to make repairs on the structure and giving Plaintiff notice that if he failed to make such repairs the building would be demolished. This notice was forwarded to Plaintiff's station in Turkey where he received it on June 29, 1990. Plaintiff responded to this initial notice by requesting a stay of the proceedings until his return to the United States.

Shortly after this exchange of letters, all United States carriers refused to enter Turkey and military aircraft deferred Space Available Mail to make room for war preparations, thereby completely interrupting all mail service to the Murted, Turkey military base until March, 1991. The next communication Plaintiff received regarding this matter was an offer by Defendant to finance a rehabilitation loan for his property. This letter was forwarded to him in March, 1991. Following receipt of the offer, Plaintiff wrote to Defendant accepting the loan.

Plaintiff next received communications from Defendant in May, 1991 when three letters from Defendant were forwarded to his station in Turkey. The first letter was dated June 17, 1990, and informed Plaintiff of a scheduled code enforcement board hearing for July 26, 1990. The other two notices were postmarked December 4, 1990. One informed Plaintiff of the items Defendant claimed were in need of repair on Plaintiff's property. The other December notice informed Plaintiff he had 14 days to make the necessary repairs.

It was not until after Plaintiff returned to the United States on May 9, 1991, that he received a forwarded notice informing him that the City of Largo had demolished his building on December 28, 1990.

From the facts Plaintiff alleged in his complaint, it appears there was no further communication between Plaintiff and Defendant until September 26, 1991, when Defendant placed a lien on Plaintiff's property to pay for the prior demolition. On May 25, 1992, the amount of the lien was increased. Subse-

quently, Plaintiff appeared before the Largo city council. Plaintiff alleges the Defendant stated at that time that the lien would neither be removed nor increased. However, in April, 1993, the lien was increased and subsequently Plaintiff instituted this action for damages and declaratory relief.

## DISCUSSION

■ The first issue which must be addressed is whether the Soldiers' and Sailors' Civil Relief Act provides a private cause of action under which Plaintiff may sue Defendant in federal court. There is no provision in the Act which expressly provides for a private cause of action to be bestowed upon a military plaintiff. The Eleventh Circuit has been relatively silent concerning interpretations of the Soldiers' and Sailors' Civil Relief Act. Therefore, it is helpful to look at what other jurisdictions have held. Most notably, in *Tolmas v. Streiffer*, 21 So.2d 387 (La.Ct. App.1945), the court held that "(t)here is nothing in that act which contemplates conferring upon a soldier or sailor any privilege not enjoyed by a civilian. It is merely intended to secure him in his legal rights until he may return ..."

■ Although there is not a private cause of action provided by the Soldiers' and Sailors' Civil Relief Act, several sections of the Act are particularly pertinent to Plaintiff's case. First, section 521 of the Act provides for a stay of any proceeding in which an active member of the military is involved unless the ability of such military member to prosecute or defend the action is not materially affected by virtue of his service. However, this provision is subject to judicial interpretations such as that set forth in *City of Cedartown v. Pickett*, 194 Ga. 508, 22 S.E.2d 318 (1942), in which the court held that the section of the Act providing a stay of proceedings for military personnel is inapplicable to proceedings brought for the purpose of abating a public nuisance. Thus, although Plaintiff might be entitled to damages for the destruction of his property, it was not a violation of the Soldiers' and Sailors' Civil Relief Act for the City of Largo to condemn and subsequently destroy Plaintiff's property in his absence.

■ Section 525 of the Soldiers' and Sailors' Civil Relief Act is also applicable to the case at hand. This section states that the period of the affected military member's service is not to be included in the computation of any statute of limitations period. This section expressly refers not only to proceedings in courts, but also to those occurring before boards or other agencies of government.

Chapter 162.11, Florida Statutes, allows a party to an enforcement board action to appeal the final administrative order of such board to the appropriate circuit court. According to the statute, such appeals must be filed within thirty days of the execution of the applicable order.

It is clear from reading section 525 of the Soldiers' and Sailors' Civil Relief Act in conjunction with section 162.11 of the Florida Statutes that the plaintiff's thirty day statute of limitations period for appeal of the code enforcement board's action was tolled until the date on which his military service no longer materially affected his ability to properly prosecute or defend his action. From the facts that have been averred by Plaintiff in his complaint, it appears that he was no longer materially affected after he had returned to the United States. Thus, Plaintiff had thirty days from the date of his return, May 9, 1991, in which to initiate an appeal.

From the discussion above it is clear that since a civilian in the plaintiff's shoes would not have access to a federal court remedy without first exhausting all state court remedies, as discussed below, this interpretation would not allow Mr. McMurtry such a federal court remedy in this case.

The Soldiers' and Sailors' Civil Relief Act was enacted to protect active military personnel from having their legal remedies expire during that time in which they are unable to assert them due to the unique demands placed upon personnel by virtue of their military service. The Act has so protected Mr. McMurtry by providing an extended time period for appeal of Defendant's action. Although it is unfortunate that Plaintiff, whether through lack of knowledge or conscious decision, did not avail himself of

this remedy, the Court cannot now create a new cause of action for him to substitute for his unused remedy.

 The next issue which must be discussed is whether Plaintiff's 42 U.S.C. § 1983 claim must be dismissed because Plaintiff did not first exhaust available state court remedies. Since the answer to this is in the affirmative, it is not necessary to discuss whether Plaintiff's complaint sufficiently alleges facts giving rise to a prima facie § 1983 claim.

42 U.S.C. § 1983 does not explicitly require exhaustion of state court remedies prior to bringing a § 1983 claim. However, the courts have set forth a more stringent requirement for § 1983 actions involving alleged deprivations of property. In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the United States Supreme Court held that a plaintiff may not bring an action for deprivation of property pursuant to § 1983 if he has not first sought relief from all available administrative or state court remedies. The reason for such a requirement is aptly explained by the court when it notes that it is not a taking that the Constitution proscribes but rather an uncompensated taking. The court further states that "(i)f the government has provided an adequate process for obtaining compensation, and if resort to that process 'yield(s) just compensation' then the property owner has no claim ... for a taking." *Id.* at 194–95, 105 S.Ct. at 3121.

As noted above, the plaintiff had thirty days from the time of his return to the United States in which to appeal the code enforcement board's actions. The record is void of any evidence showing an attempt on the part of the plaintiff to make use of his extended appeal period. Therefore, since Plaintiff did not first exhaust his available state court remedies, his § 1983 claim must be dismissed.

Finally, Plaintiff claimed relief pursuant to his rights under the constitution of the state of Florida. The Eleventh Circuit in *Roper v. Edwards*, 815 F.2d 1474 (11th Cir.1987), held that once the federal claims against a party in federal court have been dismissed, the state claims against such party can no longer be heard by the federal court. Thus, although Plaintiff's claim of pendant jurisdiction over the state constitutional claims would be applicable had his federal claims not been dismissed, the fact that both his 42 U.S.C. § 1983 and 50 U.S.C.App. § 501 *et seq.* claims were dismissed earlier in this order makes it necessary to now also dismiss his state constitutional claims.

**ORDERED** that the Motion to Dismiss of Defendant City of Largo be **granted,** and the Clerk of Court enter a final judgment of **dismissal.**

**DONE AND ORDERED.**