**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER AYDEN BREWSTER, individually, *Plaintiff-Appellant*, v. SUN TRUST MORTGAGE, INC., *Defendant*, and NATIONSTAR MORTGAGE, LLC, *Defendant-Appellee*. | No. 12-56560 D.C. No. 3:12-cv-00448-LAB-WMC OPINION |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
November 8, 2013—Pasadena, California

Filed February 7, 2014

Before: Ronald M. Gould and Jay S. Bybee, Circuit Judges,
and Edward M. Chen, District Judge.[*]

Opinion by Judge Gould

---

[*] The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

## SUMMARY**

### Servicemembers Civil Relief Act

Reversing the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), the panel held that a complaint stated a claim under § 533 of the Servicemembers Civil Relief Act by alleging that the defendant failed to remove improper foreclosure fees associated with a prior mortgage-service company's rescinded Notice of Default while the plaintiff was on active duty.

## COUNSEL

Christopher Ayden Brewster (argued) and Kenneth Alexander Lee (argued), Brewster & Lee, PC, Costa Mesa, California, for Plaintiff-Appellant.

Regina J. McClendon (argued) and Sally W. Mimms, Locke Lord LLP, San Francisco, California, for Defendant-Appellee.

Nathaniel S. Pollock, United States Department of Justice, Washington, D.C., for Amicus Curiae the United States of America.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

GOULD, Circuit Judge:

In this appeal, we must determine the scope of the term "foreclosure" for the purposes of § 533 of the Servicemembers Civil Relief Act ("SCRA"). Christopher Brewster appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of his claim that Defendant Nationstar Mortgage, LLC, ("Nationstar") violated § 533 when it maintained certain fees related to a rescinded Notice of Default on his account while he was on active duty. 50 U.S.C. app. § 533. We review a district court's grant of a motion to dismiss for failure to state a claim de novo. *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

## I

Brewster is a Lieutenant Colonel in the United States Marine Corps Reserve, and was called up to active duty on three occasions between 2008 and 2011, including an overseas deployment from October of 2010 to March of 2011.[1] During this time, Brewster failed to make the full payments owed on the mortgage on his home in California. Brewster had originally taken out the mortgage in 2007, before he was recalled to active duty service. His initial loan servicer, Sun Trust Mortgage, Inc., ("Sun Trust") started

---

[1] Because this case is an appeal of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all facts are taken from the complaint and interpreted in the light most favorable to the non-moving party. Brewster's complaint also contained additional allegations against Sun Trust, but those claims were settled prior to this appeal and are therefore not at issue here.

foreclosure proceedings on December 11, 2009 by filing a Notice of Default, which was accompanied by various fees. Sun Trust rescinded the Notice of Default in August 2010, but it did not remove the associated foreclosure fees from his account. During the month of November 2010, Sun Trust transferred the servicing rights on Brewster's mortgage to Nationstar, the appellee in this action. Nationstar similarly did not remove the fees associated with Sun Trust's attempted foreclosure before Brewster's filing of this suit, and it attempted to recover those fees during roughly five months of Brewster's active-duty service, including three and a half months while Brewster was deployed overseas.[2]

## II

The Servicemembers Civil Relief Act was passed "to enable [servicemembers] to devote their entire energy to the defense needs of the Nation." 50 U.S.C. app. § 502(1). It accomplishes this purpose by imposing limitations on judicial proceedings that could take place while a member of the armed forces is on active duty, including insurance, taxation, loans, contract enforcement, and other civil actions. 50 U.S.C. app. § 501 *et seq.* These limitations are "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation."

---

[2] In the briefing, the parties note that Nationstar removed the fees from Brewster's account after Brewster filed this lawsuit. However, while the fact that Brewster does not allege that Nationstar ever actually collected the fees goes to the amount of damages to which Brewster may be eligible if he is successful in this lawsuit, it does not impact the analysis of whether or not the SCRA was violated in the first place, because we hold that the attempted collection of fees incident to a Notice of Default was itself a part of the foreclosure proceedings barred by the SCRA. 50 U.S.C. app. § 533.

*Boone v. Lightner*, 319 U.S. 561, 575 (1943) (granting a stay in state trustee proceedings); *see also LeMaistre v. Leffers*, 333 U.S. 1, 6 (1948) (overturning a state tax sale by giving a broad construction to the SCRA in light of its "beneficient purpose" and noting that "the Act must be read with an eye friendly to those who dropped their affairs to answer their country's call").

The part of the statute at issue in this case provides that "[a] sale, foreclosure, or seizure of property for a breach of an obligation described in subsection (a) [a mortgage that originated before the servicemember's military service] shall not be valid if made during, or within one year after, the period of the servicemember's military service" unless the foreclosure is approved by a court. 50 U.S.C. app. § 533(c). Violations or attempted violations of this section can be punished by the federal government through fines or imprisonment of up to one year and private plaintiffs[3] may receive equitable relief as well as appropriate monetary damages,[4] costs, and attorney's fees. 50 U.S.C. app.

---

[3] 50 U.S.C. app. § 597a was added to the SCRA by the Veterans Benefits Act of 2010, which became law on October 13, 2010. Pub. L. 111-275 (2010); *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 457 (4th Cir. 2011). This section contains an explicit private right of action. Because we hold that Nationstar violated the SCRA by failing to remove the improper fees from Brewster's account between November 2010 and April 2011, *see* Part III, *infra*, after the adoption of the Veterans Benefits Act, we need not reach the questions raised in Nationstar's supplemental briefing of whether the remainder of the SCRA contains an implied right of action or whether the Veterans Benefits Act of 2010 applies retroactively.

[4] At this stage of the litigation, we need not and do not reach the question of whether punitive damages are available under this section of the SCRA. We asked for supplemental briefs on this issue, and we have

§ 533(d);  50 U.S.C. app. § 597a.  The SCRA sets a serious prohibition aimed at keeping members of the armed forces free of foreclosures which would be distractions and unfair while they serve their country.

### III

Brewster alleges that Nationstar violated § 533 of the SCRA when it did not remove improper foreclosure fees associated with the prior mortgage-service company's Notice of Default, even after Brewster complained about the fees that appeared on a statement.  We agree.

Section 533 does not define the term "foreclosure." Appellee argues that the statute should be read only to apply to the proceedings which were terminated before Nationstar assumed the serving rights of Brewster's mortgage. However, the statute's plain language suggests two reasons that the term encompasses more than just the formal foreclosure proceeding seeking the transfer of ownership or the sale of property.   First,  the  statute  refers  to  foreclosure "proceedings," a term which generally means a process rather than a single act.  50 U.S.C. app. § 533(b) (providing for a "stay of proceedings"); *Metro One Telecomms., Inc. v. C.I.R.*, 704 F.3d 1057, 1061 (9th Cir. 2012) ("[I]n the absence of an indication to the contrary, words in a statute are assumed to bear their ordinary, contemporary, common meaning." (quoting *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 207  (1997))); *see also Kachlon v. Markowitz*, 85 Cal. Rptr. 3d 532, 542 (2008) (describing a "foreclosure proceedings"

---

competing views of counsel, but we have concluded that this issue should not be decided absent an appropriate record developed in the district court, and that there should be a decision of the district court in the first instance.

that continued while a "foreclosure sale" was abandoned); "Foreclose," Black's Law Dictionary (9th ed. 2009) (describing "foreclosure proceedings" as encompassing "appropriate statutory steps" that precede the sale of a mortgaged property). Second, the language of the statute specifically bars a "sale, foreclosure, or seizure of property," thereby suggesting that foreclosure must mean more than just a sale or seizure. 50 U.S. app. § 533(c); *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir. 2003) (noting the "cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant."). We must move beyond the statute's explicit terms to determine exactly what the word "foreclosure" encompasses, in addition to the sale or seizure that conclude the foreclosure proceedings.

California Civil Code § 2924 *et seq.* outlines the steps that make up a foreclosure proceeding in the state of California, where Brewster's property and mortgage are located. The statute includes numerous requirements relating to fees, establishing the causes for which they can be imposed, creating time limits on their imposition, and requiring them to be in reasonable amounts. *See*, *e.g.*, Cal. Civ. Code § 2924c. Because the state-law statutory definition of foreclosure contemplates the inclusion of specified fees as a part of the foreclosure proceeding, and because the United States Supreme Court has unambiguously required courts to give a broad construction to the statutory language of the SCRA to effectuate the Congressional purpose of granting active-duty members of the armed forces repose from some of the trials and tribulations of civilian life, we hold that the attempted collection of fees related to a Notice of Default on a California property constitutes a violation of § 533 of the Servicemembers Civil Relief Act.

Nationstar gained servicing rights on Brewster's mortgage in November 2010, while Brewster was on active-duty service. Over the next five months, while Brewster remained on active duty (and deployed overseas for a large portion of the time), Brewster alleges that they attempted to collect fees from him. Even though Nationstar did not issue the Notice of Default that began the foreclosure proceeding, Brewster has pled facts sufficient to allege that Nationstar's continuing failure to remove the fees incidental to the Notice of Default was a continuation of that foreclosure proceeding while Brewster was on active duty service in violation of § 533 of the Servicemembers Civil Relief Act.

The decision of the district court is **REVERSED** and the case is remanded for further proceedings consistent with this opinion.