**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB MCGREEVEY, *Plaintiff-Appellant*, v. PHH MORTGAGE CORPORATION; NORTHWEST TRUSTEE SERVICES, INC., *Defendants-Appellees.* | No. 16-36045 D.C. No. 3:16-cv-05339-RJB OPINION |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted June 5, 2018
Seattle, Washington

Filed July 26, 2018

Before: Jay S. Bybee and N. Randy Smith, Circuit Judges,
and John Antoon II,[*] District Judge.

Opinion by Judge Antoon

---

[*] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

## SUMMARY**

**Servicemembers Civil Relief Act**

The panel affirmed the district court's dismissal as time-barred of a private suit alleging violations of § 303(c) of the Servicemembers Civil Relief Act, which provides a limited prohibition on foreclosure of the property of servicemembers.

The panel held that the federal catchall statute of limitations in 28 U.S.C. § 1658(a) applies to private suits alleging violations of § 303(c) of the SCRA, an Act of Congress enacted after 1990. Because § 1658(a), like the state statute relied upon by the district court, specifies a four-year limitations period, the panel affirmed.

## COUNSEL

Sean J. Riddell (argued), Law Office of Sean J. Riddell, Portland, Oregon, for Plaintiff-Appellant.

Matthew Sheldon (argued) and Jaime Ann Santos, Goodwin Procter LLP, Washington, D.C.; John S. Devlin, III, Lane Powell PC, Seattle, Washington; for Defendant-Appellee PHH Mortgage Corporation.

Tovah Calderon and Christine A. Monta, Attorneys, Appellate Section; T.E. Wheeler, II, Acting Assistant

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Attorney General; Civil Rights Division, United States Department of Justice, Washington D.C.; for Amicus Curiae United States of America.

Denise Gale Fjordbeck, Assistant Attorney General; Benjamin Gutman, Solicitor General; Ellen F. Rosenblum, Attorney General; Civil/Administrative Appeals, Oregon Department of Justice, Salem, Oregon; for Amicus Curiae State of Oregon.

## OPINION

ANTOON, District Judge:

This appeal presents an issue of first impression—what is the applicable statute of limitations for private suits alleging violations of § 303(c)[1] of the Servicemembers Civil Relief Act (SCRA)?[2]  Section 303(c) provides a limited prohibition on foreclosure of the property of servicemembers, but the SCRA does not contain a statute of limitations.  The district court, applying the four-year limitations period of what it determined to be the most closely analogous state statute, found that Plaintiff Jacob McGreevey's § 303(c) claim was time-barred and dismissed the case.  McGreevey appeals.[3]

---

[1] 50 U.S.C. § 3953(c).

[2] 50 U.S.C. §§ 3901–4043.

[3] We have jurisdiction under 28 U.S.C. § 1291 and review de novo the dismissal of McGreevey's claim as time-barred. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  Because we are reviewing the grant of a Rule 12(b)(6) motion to dismiss, we assume as

After carefully considering the parties' briefs, and with the benefit of oral argument, we conclude that the federal catchall statute of limitations in 28 U.S.C. § 1658(a) applies to private suits alleging violations of § 303(c) of the SCRA. Because that provision, like the state statute relied upon by the district court, also specifies a four-year limitations period, we affirm.

## I

In 2006 McGreevey, a United States Marine, refinanced the mortgage on his home in Vancouver, Washington, with Defendant PHH Mortgage Corporation (PHH Mortgage). By January 16, 2009, PHH Mortgage and Defendant Northwest Trustee Services, Inc. (Northwest)[4] had initiated foreclosure proceedings. Four months later, on May 18, 2009, the Marines recalled McGreevey to active service in Iraq. On July 21, 2010, after McGreevey completed his service in Iraq, the Marines released him from military duty. Following his release, McGreevey promptly advised Defendants of his military service and requested an opportunity to refinance his mortgage. Defendants ignored his request and proceeded with a foreclosure sale of McGreevey's home on August 20, 2010.

---

true the facts as alleged in McGreevey's amended complaint. *Brooks v. Clark Cty.*, 828 F.3d 910, 914 n.1 (9th Cir. 2016).

[4] Northwest, acting as trustee for PHH Mortgage, initiated and conducted the foreclosure proceedings.

Almost six years after the sale, McGreevey filed suit against Defendants in district court.**[5]** He alleged that Defendants had violated § 303(c) of the SCRA, which at that time prohibited the "sale, foreclosure, or seizure of property" for a breach of a mortgage obligation if "made during, or within nine months after, the period of the servicemember's military service" unless such sale, foreclosure, or seizure occurred by court order or under waiver by the servicemember of his SCRA rights. 50 U.S.C. § 3953(c).**[6]** The amended complaint sought an award of money damages, costs, and attorney's fees.

Defendants moved to dismiss McGreevey's complaint as time-barred. Noting that the SCRA does not contain a statute of limitations, Defendants urged the district court to apply the limitations period of the closest state-law analogue to the SCRA. Defendants advanced as analogous two Washington statutes—the Consumer Protection Act (CPA), Wash. Rev. Code ch. 19.86 (four-year limitations period), and the Deeds of Trust Act, Wash. Rev. Code ch. 61.24 (two-year limitations period). Additionally, Defendants

---

**[5]** McGreevey filed his initial complaint against PHH Mortgage on May 6, 2016, and filed an amended complaint on September 23, 2016, adding Northwest as a defendant.

**[6]** While Congress included the prohibition on sale, foreclosure, or seizure in every iteration of the SCRA and its predecessors, the length of the protection varied. For instance, in 2008, Congress expanded the period of protection from ninety days to nine months, and in 2012, to one year. Soldiers' and Sailors' Civil Relief Act of 1940, Pub. L. No. 76-861, § 302(3), 54 Stat. 1178, 1182–83 (1940); Housing and Economic Recovery Act, Pub. L. No. 110-289, § 2203(a), 122 Stat. 2654, 2849 (2008) (amending § 303 of the SCRA); 50 U.S.C. § 3953(c) (2012). Because the foreclosure on McGreevey's home occurred in 2010, the nine-month period of protection as enacted by Congress in 2008 applies here.

identified the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, as a federal statute with a one-year limitations period that could apply. If the district court applied the limitations period from any of these statutes, dismissal would be required because—even after taking into account that the period was tolled for 404 days for McGreevey's active duty service pursuant to 50 U.S.C. § 3936(a)—more than four years passed from the accrual of McGreevey's claim until the filing of McGreevey's complaint in May 2016.

In response to Defendants' motion to dismiss, McGreevey agreed that the district judge should adopt a limitations period from the statute most analogous to the SCRA, but he argued that other statutes were better candidates. He contended that the district court need not look to a state statute, asserting that the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. ch. 43, was most analogous. If accepted, that approach would have solved McGreevey's untimeliness problem because the Veterans' Benefits Improvement Act[7] explicitly provided that "there shall be no limit on the period for filing" a USERRA claim. 38 U.S.C. § 4327(b). As an alternative, McGreevey suggested the court apply Washington's six-year statute of limitations for breach of contract claims, Wash. Rev. Code § 4.16.040.

In their reply, Defendants argued that neither Washington's breach of contract law nor the USERRA was analogous, noting that McGreevey was not suing for breach of contract and that the USERRA was enacted for a purpose entirely different from that of the SCRA. And as an

---

[7] Pub. L. No. 110-389, 122 Stat. 4145 (2008) (codified in scattered sections of 38 U.S.C.).

alternative argument, Defendants for the first time raised 28 U.S.C. § 1658(a) in support of their motion. By enacting § 1658(a), Congress established a four-year limitations period for claims arising from any federal statute enacted after December 1, 1990, that fails to delineate a limitations period.

The district court granted Defendants' motion to dismiss, rejecting McGreevey's arguments and applying the four-year statute of limitations contained in the Washington CPA. In doing so, the district court did not comment on the applicability of 28 U.S.C. § 1658(a). On appeal, McGreevey maintains that the district court erred in applying the four-year limitations period of the Washington CPA instead of USERRA or Washington's limitations period for breach of contract claims. Defendants' primary argument on appeal is that McGreevey's SCRA claim is time-barred under the catchall four-year limitations period of 28 U.S.C. § 1658(a).

## II

Traditionally, when a federal statute creating a right of action did not include a limitations period, courts would apply the limitations period of the "closest state analogue." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 378 (2004). The district court sought such an analogue here and ultimately applied the four-year limitations period of the Washington CPA. As evidenced by the district court's attempt to sort through statutes covering everything from deeds to consumer protection to employment, the task of determining which statute was most analogous "spawned a vast amount of litigation." *Id.* at 377.

But in 1990, Congress established—in 28 U.S.C. § 1658(a)—a uniform, catchall limitations period for actions arising under federal statutes enacted after December 1,

1990. This provision states that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). If § 1658(a) applies, there is no need for a court to seek a state law analogue when analyzing a statute-of-limitations argument.

A cause of action "aris[es] under an Act of Congress enacted after" 1990 within the meaning of § 1658(a) if the "plaintiff's claim against the defendant was made possible by a post-1990 enactment." *Jones*, 541 U.S. at 382. Such enactments include amendments to preexisting statutes that create "new rights of action and corresponding liabilities." *Id.* at 381.

Defendants contend that no private right of action for § 303(c) violations existed until 2010, when an amendment to the SCRA added an express private right of action. Defendants thus argue that 28 U.S.C. § 1658(a) applies here. The applicability of § 1658(a) turns on whether the 2010 amendment to the SCRA created a "new right[] of action and corresponding liabilities" that were not available to servicemembers before 1990. We conclude that it did and that 28 U.S.C. § 1658(a) accordingly controls.

### III

The SCRA's predecessor—the Soldiers' and Sailors' Civil Relief Act (SSCRA)—was originally enacted in 1918, during World War I. SSCRA of 1918, Pub. L. No. 65-103, 40 Stat. 440 (1918); *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 457 (4th Cir. 2011). The Act expired after the war, but Congress reenacted the SSCRA in 1940 and amended it several times from 1942 to 2003. SSCRA of 1940, Pub. L. No. 76-861, 54 Stat. 1178 (1940); *Gordon*,

637 F.3d at 458. In the 2003 amendments, Congress renamed the statute the Servicemembers Civil Relief Act and sought to modernize and "strengthen many of [the SSCRA's] protections," H.R. Rep. No. 108-81, at 35 (2003), and "to enable [servicemembers] to devote their entire energy to the defense needs of the Nation," *Brewster v. Sun Tr. Mortg., Inc.*, 742 F.3d 876, 878 (9th Cir. 2014) (alteration in original) (quoting 50 U.S.C. app. § 502(1)). *See* SCRA of 2003, Pub. L. No. 108-189, 117 Stat. 2835 (2003).

The SCRA accomplishes Congress's purposes "by imposing limitations on judicial proceedings that could take place while a member of the armed forces is on active duty, including insurance, taxation, loans, contract enforcement, and other civil actions." *Brewster*, 742 F.3d at 878. Section 303 of the SCRA, which is at issue in this case, pertains to foreclosure of mortgages. We have recognized that this provision constitutes "a serious prohibition aimed at keeping members of the armed forces free of foreclosures which would be distractions and unfair while they serve their country." *Id.*

The determinative question here is whether a private right of action for § 303(c) violations existed before 1990. Although federal law has provided servicemembers protection against property foreclosure since the SSCRA, it is undisputed that neither the SCRA nor its predecessors contained an express private right of action until Congress, in the Veterans' Benefits Act of 2010, added a section to the SCRA providing that a servicemember whose SCRA rights are violated may "obtain any appropriate equitable or declaratory relief . . . [and] recover all other appropriate relief, including monetary damages." 50 U.S.C. § 4042(a) (2018); Veterans Benefits' Act of 2010, Pub. L. 111-275,

§ 801, 124 Stat. 2864, 2877 (2010); H.R. Rep. No. 111-324, at 7 (2009).

McGreevey argues that despite the lack of an *express* right of action prior to 2010, servicemembers had an *implied* private right of action under the SSCRA before 1990. But this argument is tenuous. No federal appeals court, including this Court, has ever held that these acts created a private right of action before 2010,[8] and the several district courts in this circuit and elsewhere that addressed this question have come to different conclusions about various sections of the SCRA.[9] At oral argument, McGreevey was

---

[8] The state of Oregon, as amicus curiae in this case, argues that the Fourth Circuit, in *Gordon,* addressed whether private rights of action under SCRA existed before the 2010 amendment. 637 F.3d 454 (4th Cir. 2011). The Fourth Circuit found that the express private cause of action retroactively applied in that case. *Id.* at 461. But the Fourth Circuit explicitly declined to decide whether there was a pre-existing implied federal right of action, instead "assum[ing] for the sake of argument that there was not." *Id.* at 459 n.1.

[9] Compare Frazier v. HSBC Mortg. Servs., Inc., No. 8:08-cv-02396-T-24 TGW, 2009 WL 4015574, at *5 (M.D. Fla. Nov. 19, 2009) (concluding that SCRA's interest rate provision implicitly provided a private cause of action), *Hurley v. Deutsche Bank Tr. Co. Americas*, No. 1:08-CV-361, 2009 WL 701006, at *4 (W.D. Mich. Mar. 13, 2009) (finding that the SCRA's foreclosure protections provided an implied private cause of action), *and Linscott v. Vector Aerospace*, No. CV-05-682-HU, 2006 WL 240529, at *5–7 (D. Or. Jan. 31, 2006) (concluding that the SCRA contained a private right of action to enforce the mortgage foreclosure provision), *with Giri v. HSBC Bank USA*, 98 F. Supp. 3d 1147, 1151–52 (D. Nev. 2015) (concluding that the pre-2010 SCRA did not imply a private right of action to enforce the mortgage foreclosure provision, as it "provided only for criminal liability, not for any civil liability"), *Williams v. U.S. Bank Nat'l Ass'n*, No. ED CV 12-00748-JLQ, 2013 WL 571844, at *4 (C.D. Cal. Feb. 13, 2013) (concluding that plaintiff "had no right to civil relief" under the SCRA prior to the 2010 Act), *and McMurtry v. City of Largo*, 837 F. Supp. 1155, 1157–58 (M.D.

unable to supply the Court with any authority establishing a pre-2010 private right of action to pursue damages for a wrongful foreclosure under the SCRA or its predecessors.

And to the extent McGreevey asks this Court to assess whether an implied private right of action existed under the pre-December 1, 1990 SSCRA, we discern no such implied right in the statute.[10] In *Cort v. Ash*, 422 U.S. 66 (1975), and *Alexander v. Sandoval*, 532 U.S. 275 (2001), the Supreme Court provided guidance in analyzing whether a statute creates an implied private right of action. *Cort* prescribes considering the following factors:

> First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted,'—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States,

---

Fla. 1993) (holding the SSCRA did not provide a private cause of action).

[10] McGreevey's argument principally relies on *Moll v. Ford Consumer Finance Company, Inc.*, No. 97 C 5044, 1998 WL 142411 (N.D. Ill. Mar. 23, 1998). That case assessed whether the SSCRA's separate limitation on the amount of interest recoverable by a creditor under § 526 implied a private cause of action *after* 1990, and we find it distinguishable and otherwise unpersuasive.

> so that it would be inappropriate to infer a
> cause of action based solely on federal law?

422 U.S. at 78 (citations omitted).  While the *Cort* factors
remain relevant, the focus now is on whether Congress
"displays [through the statute] an intent to create not just a
private right but also a private remedy." *Alexander*, 532 U.S.
at 286.  "Statutory intent [to create not just a private right but
also a private remedy] is determinative[;]" without
Congress's intent to create a remedy, no right of action can
be implied.  *Id.* at 286–87.

After "search[ing] for Congress's intent with[in] the text
and structure" of the statute pursuant to *Cort* and *Alexander*,
we find no implied private right of action for damages,
attorney's fees, and costs within the pre-1990 SSCRA's
foreclosure protections.  *Id.* at 288.  The methods Congress
provided to enforce violations of the SSCRA "preclude[] a
finding of congressional intent to create a private right of
action, even though other aspects of the statute (such as
language making [McGreevey] 'a member of the class for
whose benefit the statute was enacted') suggest the
contrary."  *Id.* at 290 (quoting *Mass. Mut. Life Ins. Co. v.
Russell*, 473 U.S. 134, 145 (1985)).

Prior to 2010, only equitable relief and criminal
sanctions for a violation existed.[11]  50 U.S.C. app. § 532(2)–

---

[11] In 1990, a servicemember could have petitioned the court during
a foreclosure proceeding initiated by the mortgagor, to stay the
proceeding or to "make such other disposition of the case as may be
equitable to conserve the interests of all parties."  50 U.S.C. app.
§ 532(2)(a)–(b) (1990).  Or the government could bring criminal charges
against a violator, who could be found guilty of a misdemeanor and
punished by imprisonment for knowingly selling or foreclosing on a
servicemember's property.  *Id.* § 532(4).

(4) (1990).  The 2010 amendment enlarged the category of relief available under the SCRA, and McGreevey's claim for damages "necessarily depend[ed] on" remedy-creating language of the amendment.  *Jones*, 541 U.S. at 384.  Thus, we conclude that the 2010 amendment to the SCRA created "a new right to maintain an action" to enforce servicemembers' rights against wrongful foreclosure, *id.* at 382, and thus 28 U.S.C. § 1658(a)'s catchall limitations period applies and bars McGreevey's claims.

The conclusion that no implied right existed prior to the 2010 amendment also fits with the underlying purpose of the legislative scheme, which was "made to *suspend enforcement* of civil liabilities, . . . in order to enable such persons to devote their entire energy to the defense needs of the Nation, [and] . . . for the *temporary suspension* of legal proceedings, and transactions which may prejudice the civil rights of persons in such service."  50 U.S.C. app. § 510 (1990) (current version at 50 U.S.C. § 3902 (2012)).  This focus is on delaying proceedings rather than compensating servicemembers for any violations.  As such, we find no basis to now imply a private right of action for damages, attorney's fees, and costs based on the statutory intent and purpose of the SSCRA.

Because we conclude that 28 U.S.C. § 1658(a) applies, we need not address which Washington law is the "most closely analogous statute" to the SCRA.  For the same reason, we need not reach McGreevey's argument regarding whether the "narrow exception" to the "presumption that state law will be the source of a missing federal limitations period" warrants the application of USERRA's express prohibition on any limitations period to SCRA cases.  *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 34–36 (1995).  We hold that McGreevey's complaint arises under an Act of Congress

enacted after 1990 and is thus governed—and barred—by the four-year limitations period in 28 U.S.C. § 1658(a).

**IV**

For the reasons stated herein, we affirm the judgment of the district court.

**AFFIRMED.**