NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT BAKER, an individual,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>DYKEMA GOSSETT, LLP, a professional law corporation; et al.,<br><br>            Defendants-Appellees. | No.    17-55989<br>        17-56506<br><br>D.C. No.<br>2:16-cv-08434-GW-JEM<br><br><br>MEMORANDUM* |
| ROBERT BAKER, an individual,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>AMERIPRISE FINANCIAL, INC.; et al.,<br><br>            Defendants-Appellees. | No.    17-56301<br><br>D.C. No.<br>2:16-cv-08434-GW-JEM |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 26, 2019**

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

In Appeal No. 17-55989, Robert Baker appeals pro se the district court's order dismissing his action alleging federal and state law claims against multiple defendants. In No. 17-56301, Baker appeals the district court's sanction and pre-filing review order. In No. 17-56506, he appeals the district court's order rejecting a certificate of service. Our jurisdiction is governed by 28 U.S.C. § 1291. In 17-55989 and 17-56301, we affirm. We dismiss No. 17-56506 for lack of jurisdiction.

We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6) of Baker's claims as barred by the applicable statute of limitations. *McGreevey v. PHH Mortg. Corp.*, 897 F.3d 1037, 1040 n.3 (9th Cir. 2018). We review the denial of leave to amend for an abuse of discretion. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1125 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1375 (2019). We also review for an abuse of discretion the district court's order imposing a sanction and pre-filing review. *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (vexatious litigant order); *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005) (Fed. R. Civ. P. 11 sanction).

In appeal no. 17-55989, we affirm. As the district court explained, Baker had discovered the facts underlying his claims by, at the latest, July 31, 2012, when he filed his complaint in a prior federal action in which he raised claims that were

2

nearly identical to the claims raised in the current suit. Thus, the various applicable two-, three-, or four-year statutes of limitations barred Baker's current claims because he filed his complaint on November 14, 2016, more than four years after July 31, 2012. *See e.g.* Cal. Civ. Proc. Code § 340.6(a) (statute of limitations for claim of attorney malpractice). The district court correctly concluded that Baker's new allegations, in his proposed second amended complaint, of conduct in 2017, did not make his claims timely. Baker's allegations regarding the involvement in his prior litigation of the U.S. Attorney's Office, which investigates fraud, do not show that Baker was previously unaware of the facts underlying defendants' alleged fraud. *See Hacker v. Homeward Residential, Inc.*, 236 Cal. Rptr. 3d 790, 801 (Cal. Ct. App. 2018) (cause of action for fraud accrues when plaintiff discovers the facts that would cause a reasonably prudent person to suspect fraud).

We reject the argument that defendants failed to timely file their motions to dismiss. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988) (defendant may file motion to dismiss at any time prior to filing of answer).

The district court did not err in dismissing Baker's claims as barred by the various statutes of limitations, and it properly exercised its discretion in denying

leave to file a second amended complaint. *See Rentmeester*, 883 F.3d at 1125 (no abuse of discretion in dismissing with prejudice when amendment would be futile).

In appeal No. 17-56301, we affirm. The district court properly exercised its discretion in sanctioning Baker under Rule 11 and entering a pre-filing review order. Taking into account Baker's pro se status and his developmental disorder, the district court gave him notice and an opportunity to be heard, considered the nature of his lawsuits, and properly found that they were frivolous and were brought for the purpose of harassment. *See Ringgold-Lockhart*, 761 F.3d at 1062. In addition, the order was narrowly tailored because it was limited to one set of defendants and one court. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In appeal No. 17-56506, we dismiss because we lack jurisdiction to review the district court's order rejecting Baker's proof of service. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898 (9th Cir. 2001) (a ministerial post-judgment order is not final and appealable); *Nat'l Am. Ins. Co. v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 540 (9th Cir. 1996) (no jurisdiction to review order not material to the judgment).

**Nos. 17-55989 and 17-56301: AFFIRMED.**

**No. 17-56506: DISMISSED.**