NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEREK JAHN CHABROWSKI, | No. 23-15575 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00673-JJT |
| v. | |
| GULF HARBOUR INVESTMENTS CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted November 26, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Appellant Derek Chabrowski appeals the district court's denials of his

motion to remand and motion to file an amended complaint and its grant of

Appellee Gulf Harbour Investments Corporation's motion to dismiss. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.      We review de novo the denial of a motion to remand a case removed from state court. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). Appellant primarily contends that removal was improper because the amount in controversy is below the $75,000 threshold required for federal courts to exercise diversity jurisdiction. But Appellant's complaint seeks a "Permanent Injunction preventing any and all future non-judicial foreclosure efforts," and we have long held that "[w]hen a plaintiff seeks to . . . permanently enjoin foreclosure," "the value of the property . . . is a proper measure of the amount in controversy." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 776 (9th Cir. 2017); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (considering the market value of the property as the amount in controversy when "[t]he whole purpose of [the] action is to foreclose the Bank from selling [the] property in the manner contemplated"). Because the parties do not dispute that the market value of the property in question far exceeds $75,000, the district court did not err in denying the motion to remand.[1]

///

---

[1]      Appellant's other contention that the parties are not diverse is without merit. Appellee has adequately asserted that it is a citizen of a different state than Appellant. Nor, as the district court recognized, has Appellant demonstrated the existence of indispensable parties whose addition would destroy diversity.

2. "We review a district court's grant of a motion to dismiss for failure to state a claim de novo." *Brewster v. Sun Tr. Mortg., Inc.*, 742 F.3d 876, 877 (9th Cir. 2014).

We agree with the district court that the complaint lacks non-conclusory allegations that any entity accelerated Appellant's debt—thereby triggering the six-year statute of limitations under Arizona Revised Statute § 12-548—more than six years prior to the foreclosure at issue in this case.

Furthermore, contrary to Appellant's claims, the deed of trust explicitly permits the Trustee in this case to conduct a nonjudicial foreclosure.

The district court also properly found that Appellant's invocation of Arizona's law barring trustee sales by foreign corporations has no application to this case because the entity conducting the foreclosure is the Trustee, an Arizona attorney, not Appellee.

Finally, the complaint contains no factual allegations that Appellee has "purport[ed] to claim an interest in, or a lien or encumbrance against, real property" by means of a document that "is forged, groundless, contains a material misstatement or false claim or is otherwise invalid." Ariz. Rev. Stat. § 33-420(A). Therefore, Appellant has not stated a claim under Arizona's false recording statute.

3. We review for an abuse of discretion a district court's denial of a plaintiff's motion to amend the complaint. *See Hoang v. Bank of Am., N.A.*, 910

3

F.3d 1096, 1102 (9th Cir. 2018). Appellant's proposed amended complaint includes no new facts that would address the original complaint's deficiencies. Nor does Appellant's briefing in this Court indicate that he could allege such facts. Moreover, we agree with the district court that it appears Appellant's main purpose in seeking to file an amended complaint was to add defendants in an effort to defeat diversity jurisdiction. Accordingly, the district court's denial of leave to amend was not an abuse of discretion.

**AFFIRMED.**[2]

---

[2] We also deny Appellant's motion to remand. His assertion of the *Younger* abstention doctrine is inapposite because neither this opinion nor the district court order "would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). It also repeatedly, and incorrectly, claims that Appellee is the party seeking equitable relief in court.