NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN G. NIVEN; HEATHER VINCENT NIVEN,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, INC., a Delaware corporation, doing business as Capitol Records Group; UMG RECORDINGS, INC., a Delaware corporation; JOHN DOES, 1 through 10, inclusive,<br><br>Defendants - Appellees. | No. 24-7273<br><br>D.C. No.<br>2:23-cv-07917-SVW-PVC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 18, 2026[**]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alan Niven, and his wife Heather Vincent-Niven ("the Nivens"), sued Universal Music Group and UMG Recordings (collectively "UMG"), alleging they improperly charged Alan roughly $1 million dollars for "unrecouped [] video expenses" from when he was the manager and producer of the platinum-selling rock band, Great White. UMG moved to dismiss, arguing that the lawsuit was barred by the statute of limitations. The district court granted the motion and denied leave to amend, and the Nivens now appeal.

We review dismissals based on the statute of limitations *de novo*. *McGreevey v. PHH Mortgage Corp.*, 897 F.3d 1037, 1040 n.3 (9th Cir. 2018). And we review a district court's denial of leave to amend for abuse of discretion. *Reddy v. Litton, Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

1. The Nivens first allege that the statute of limitations should not apply because UMG fraudulently induced them to enter into a tolling agreement. To allege fraud, "a party must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), identifying "the who, what, when, where, and how" of the alleged fraud. *Bodenburg v. Apple, Inc.*, 146 F.4th 761, 771 (9th Cir. 2025) (simplified). Conclusory allegations alone are not enough. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). Instead, plaintiffs must "give defendants notice of the particular [fraudulent] misconduct . . . so that [defendants] can defend against the charge and not just deny that they have done anything wrong."

*United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051–52 (9th Cir. 2001) (simplified); *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010).  For example, we have previously found that a party comes short where they allege general misrepresentation but "do[] not identify any specific misrepresentations or specify when and where they occurred."  *Vess*, 317 F.3d at 1107 (citing *Lee*, 245 F.3d at 1051).

The Nivens argue that UMG had falsely assured them they would investigate the charge and provide an explanation for it.  But that is the extent of the fraud allegations.  The Nivens do not provide any details about their communications with UMG, how frequently the parties talked, or anything to show that UMG lied about investigating the accounting as to induce them to enter the tolling agreement.  Thus, the Nivens only provide "mere conclusory allegations of fraud," without any examples or details.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  Accordingly, the district court did not err in dismissing the suit because the Nivens did not plead fraud with sufficient particularity.

2. Second, the district court did not abuse its discretion in denying leave to amend because amending the complaint in this case would be futile.  Generally, "a court should liberally allow a party to amend its pleading."  *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).  But it may deny leave to amend if amending would be futile.  *Foman v. Davis*, 371 U.S. 178,

182 (1962); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, amendment would be futile because the Nivens haven't shown that amending their complaint would solve the underlying issue: that they missed their deadline to file suit. They state that they could amend to show UMG's "delay tactics" during the tolling period. But the tolling agreement the plaintiffs signed expressly states that Nivens had to re-file any lawsuit before April 1, 2022. And the plaintiffs missed that deadline, not by a few days, but by over 17 months. Even if we assume that UMG fraudulently induced the Nivens into the tolling agreement and used "delay tactics," that wouldn't change the last date that the Nivens could have reasonably thought they could re-file their lawsuit. The Nivens haven't presented any facts that would excuse their failure to file suit after the filing period, or 17 months after it expired. So the district court did not abuse its discretion.

**AFFIRMED.**

24-7273